**Ashkan Yekrangi [SBN 276211]**
**YEKRANGI & ASSOCIATES**
**One Park Plaza, Suite 600**
**Irvine, CA 92614**
**Telephone: (949) 285-1836**
**Email: ashkan@yeklaw.com**

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMADKHANI, Bita<br><br>Petitioner,<br><br>v.<br><br>David M. Radel, Los Angeles Asylum Office U.S. Citizenship and Immigration SVC 14101 Myford Road Tustin CA 92780<br><br><br><br>Defendants | Civ No:<br><br><br><br>**COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT** |

1

COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

Ms. Bita Mohammadkhani ("Ms. Mohammadkhani" or "Plaintiff"), by and through undersigned counsel, complaints of Defendants, United States and Citizenship Services ("USCIS") and David M. Radel, as follows:

### I. PREFATORY STATEMENT

1. This action arises from Defendants' failure to properly adjudicate Plaintiff's I-589, Application for Asylum and for Withholding of Removal. Ms. Mohammadkhani arrived in the United States on August 28, 2015 on a B-2 visitor's visa. She came here hoping to escape the persecution he faced in Iran due to her Christian beliefs.

2. She applied for asylum from Iran in December 2015. Her case was received by USCIS on January 15, 2016. **See Exhibit A.**

3. Since then, Plaintiff has not received any updates from USCIS.

### II. JURISDICTION

4. This is a civil action brought pursuant to 28 U.S.C § 1331 (federal question jurisdiction).

5. The case is also brought pursuant to 5 U.S.C. §§ 555(b) and 706(1).

### III. VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where Defendants reside.

7. Moreover, the Form I-589 was processed at the Santa Ana USCIS Field Office. Thus, a

substantial part of the events or omissions giving rise to the claim have occurred or will occur in this judicial district.

### IV. PARTIES

8. Plaintiff, Ms. Bita Mohammadkhani is an asylee applicant who filed her I-589 application in Orange County, California.

9. Defendant, U.S. Citizenship and Immigration Services ("USCIS") is the agency responsible for adjudicating Plaintiff's I-589 application, through the Los Angeles Asylum Office. USCIS maintains the ultimate responsibility within DHS for adjudicating the I-589 petition at issue in this case.

10. Defendant David M. Radel, Director of the Los Angeles Asylum Office is the office responsible for processing and potentially referring her I-589 application. The address is U.S. Citizenship and Immigration SVC, 14101 Myford Rd., Tustin, CA 92780.

### VI. FACTS AND PROCEDURE HISTORY

#### A. The Petition Process

To apply for affirmative asylum, an applicant must satisfy certain eligibility criteria under the INA and its implementing regulations. *See* 8 U.S.C. §§ 1158.

14. Applicants must be present in the United States.

15. The applicant must be able to show that they meet the definition of a refugee under 8 U.S.C. 1101(a)(42)(A) – which is defined as, "any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a

well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."

16. An applicant is ineligible to apply for asylum if the Attorney General determines that the alien may be removed to a country in which the alien's life or freedom would not be threatened.

17. The applicant must file their asylum application within 1 year after the date of their arrival in the United States.

### B. Plaintiff, Ms. Bita Mohammadkhani

23. Plaintiff, Ms. Mohammadkhani was born in Iran.

24. Ms. Mohammadkhani arrived in the United States on August 28, 2015, with a B-2 visitor's visa and applied for asylum in December 2015.

### C. Plaintiff's Form I-589 Petition

25. Ms. Mohammadkhani's application for asylum has been pending since it was originally filed.

26. Since this time, it does not appear that there has been any movement in the case and Ms. Mohammadkhani's case has not been forwarded to immigration court for further processing and adjudication.

## VII. GENERAL ALLEGATIONS

**Unreasonable Delay in Adjudicating Applications for Asylum and Employment Authorization**

27. Ms. Mohammadkhani applied for asylum by filing Form I-589.

*TRAC Factors and Unreasonable Delay*

28. Courts in the Ninth Circuit apply the following six factors set forth in *Telecomms. Research and Action Ctr. v. FCC*, 750 F.2d 70, 242 U.S. App. D.C. 222 (D.C. Cir. 1984) (the "TRAC factors") to determine whether an agency's delay is unreasonable: (1) the time agencies take to make decisions must be governed by a rule or reason; (2) where Congress has provided a timetable or

4

other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. *TRAC*, 750 F.2d at 80; see also *Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001).

29. California District Courts have found that USCIS' policy of reviewing asylum applications on a last in, first out basis was a sufficient "rule of reason" to satisfy the first and second factors despite the timetable set by Congress. *See Lajin v. Radel,* No. 19cv52-MMA (BLM), 2019 U.S. Dist. LEXIS 125118, at *15 (S.D. Cal. July 26, 2019); *See also, Varol v. Radel,* 420 F. Supp. 3d 1089, 1097 (S.D. Cal. 2019). The fourth factor also favors the defendants as advancing one case can affect other cases that USCIS has pending. *Id.*

30. Congress intended that the asylum office act within a reasonable period of time, prescribing a specific time period to interview applicants and adjudicate their applications. *See* 8 USC §§ 1158(d)(5)(A)(ii)-(iii) (requiring interviews within 45 days and adjudication within 180 days).

31. The third and fifth factors favor Ms. Mohammadkhani. Although previous cases have found that these factors favor the government because of plaintiffs' ability to live in the United States with authorization to work. Id. However, this does not take into account the current reality that delays in the processing and adjudication of the I-589 applications have become very common.

32. These delays make the courts' assurances of being able to live and work in the United States

33. null as there is a very real danger of Ms. Mohammadkhani experiencing lapses in her employment authorization. The very real possibility that there will be lapses in employment authorization for Ms. Mohammadkhani means that her welfare is at stake and the potential prejudice he faces is also significantly greater. Those lapses in employment authorization abridges Ms. Mohammadkhani fundamental right to employment. *Coppage v. Kansas*, 236 U.S. 1, 14, 35 S.Ct. 240 (1915).

34. Although there is no evidence of impropriety in the delay, the sixth TRAC factor does not require impropriety for a finding of unreasonable delay.

35. On balance, the prejudice experienced by Ms. Mohammadkhani outweighs the detriments the government might face by advancing her case.

## VIII. CAUSES OF ACTION

### *Count 1 - Violation of Administrative Procedure Act*

36. The APA requires an administrative agency to adjudicate matters presented to it within a "reasonable time." 5 U.S.C. § 555(b). A reviewing court has discretion to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

37. Here, the Plaintiff's I-589 has been unreasonably delayed, requiring an initial interview within 45 days of filing of the I-589 and a final administrative adjudication within 180 as envisioned in 8 USC §§ 1158(d)(5)(A)(ii)-(iii). No interview has been scheduled since the Plaintiff's most recent I-589 filing.

38. By denying Ms. Mohammadkhani of the proper procedure required by law, USCIS leaves Ms. Mohammadkhani in a purgatory of not having the opportunity to have her case heard and to possibly become a U.S. Lawful Permanent Resident. Instead, he faces the constant stress of not knowing whether he'll be able to legally stay in the country.

### *Count II – Mandamus Act*

39. All the foregoing allegations are repeated and realleged and incorporated herein.

40. The Mandamus Act allows a district court to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. 1361.

41. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).)

42. Plaintiff has a clear right to the relief requested – that her asylum interview be completed as envisioned by the statute. Plaintiff falls within the "zone of interest" as the applicant seeking asylum. Courts have repeatedly found Plaintiffs falling within the "zone of interest" in the immigration context. For example, in immigration-related mandamus actions, Courts have found that the INA establishes a clear right to have an adjustment application adjudicated. *Razik v. Perryman*, No. 02-5189, 2003 U.S. Dist. LEXIS 13818, *6-7 (N.D. Ill. Aug. 6, 2003). Similarly, for Special Immigrant Juvenile applications. *Yu v. Brown, 36 F. Supp*. 2d 922, 930 (D.N.M. 1999). *See also Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States* v. Kerry, 168 F. Supp. 3d 268, 281 (D.D.C. 2016) (plaintiffs had a clear right under the Iraqi and Afghan Special Immigrant Visa Program statutes to have their visa applications adjudicated).

43. Defendant has a clear duty to perform the act in question—to interview the applicant within 45 days of filing of the I-589 and a final administrative adjudication within 180 as envisioned in 8 USC §§ 1158(d)(5)(A)(ii)-(iii).

**44.** Further, no other adequate remedy is available because there is no other means for the applicant to have to have her asylum interview and application adjudicated. Lastly, the length of delay is unreasonable in light of the statutory deadline and the harm to Plaintiff's welfare. See *Telecomms. Research and Action Ctr. v. FCC*, 750 F.2d 70, 242 U.S. App. D.C. 222 (D.C. Cir. 1984). Accordingly, this Court's intervention is needed.

### IX. PRAYER

WHEREFORE, Plaintiff prays that this Court:

1. Order that USCIS process Ms. Mohammadkhani's I-589 application and grant him an interview date.
2. Award Plaintiff her attorneys' fees, costs, and expenses as applicable, and
3. Grant such other relief as the Court deems just, equitable, and proper.

Respectfully submitted this 13th day of June 2023,

Dated:                Respectfully Submitted,

                  By: /s/ Ashkan Yekrangi, Esq.



**EXHIBIT A - I-589 Receipt**

**FROM**
US DEPT. OF HOMELAND SECURITY
US CITIZENSHIP & IMMIGRATION SVCS
P.O. BOX 65015
ANAHEIM, CA 92815-9515

NAME: BITA MOHAMMADHANI
A-NUMBER: 208739126 RCPT#: ZLA1900097300

*** ACKNOWLEDGEMENT OF RECEIPT ***

Your complete Form I-589 asylum application was received and is pending as of 1/15/16. You may remain in the U.S. until your asylum application is decided. If you wish to leave while your application is pending, you must obtain advance parole from USCIS. If you change your address, send a written notification of the change within 10 days to the above address. You will receive a notice informing you when you and those listed on your application as spouse or dependents must appear for an asylum interview. Bring to the interview 3 copies of documentary evidence of your relationship to those family members.

DATE: 1/15/16
FORM: I-589

BITA MOHAMMADHANI
12 SUMMER BREEZE
IRVINE, CA 92603